IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEREK MAURICE PARKS, SR.                                                                    PLAINTIFF
ADC #128186

V.                                          NO.  4:08CV00380 JMM

CHARLES SIMS                                                                                DEFENDANT

## ORDER

On May 5, 2008, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff's case must be dismissed, in forma pauperis status will not be addressed.

According to Plaintiff's complaint, on March 15, 2007, he was released from the ADC into a halfway house— the "light house."  While living at the halfway house, Plaintiff worked for "Reliable Temp Service" until he was re-incarcerated on April 29, 2007.  Plaintiff alleges that he never received his last three paychecks (for forty-eight, twenty-eight, and fifteen hours of work respectively).  Plaintiff further alleges that he has called and written several letters to Defendant for payment and that he and his staff have refused to cooperate.

### I.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## II. Analysis

The edicts of § 1983 are clear and mandate the dismissal of Plaintiff's case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added). Plainly, § 1983 relief is predicated on the action of a state actor. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487

U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Dean v. Olibas, 129 F.3d 1001, 1005 (8th Cir. 1997) ("to occur under color of law, conduct causing the deprivation of a civil right must be 'fairly attributable to the State'") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  The Supreme Court has set forth a two-part test for analyzing whether conduct fits this description.  This Court first must ask "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." Lugar, 457 U.S. at 939.  Stated another way, the injury complained of must have been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Id. at 937.  If this question is answered affirmatively, then the Court must determine if the private party charged with the deprivation could be described in all fairness as a state actor. Id.; see also Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991).  Plaintiff's case fails at the initial inquiry because Defendant is not a "state actor" amenable to suit under § 1983.  Reliable Temp Service is a private business, and Defendant Charles Sims one of its employees.[1]  With no state actor there can be no constitutional violation; therefore, there is no basis to award Plaintiff the relief he seeks. Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).

Even if Plaintiff could establish the existence of a state actor, his claim still fails. Section 1983 relief is also "predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir.

---

[1] Plaintiff himself states: "My claim is not dealing with [the] ADC, it's on a business I was working for when I was out . . . ."

1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim). Although Plaintiff filed a §1983 action, he does not allege a federal constitutional violation against Defendant. Plaintiff's claim, at most, alleges a state law cause of action for breach of contract in relation to back pay. Assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation. Because no constitutional violation occurred under the allegations Plaintiff has presented, Defendant cannot be held liable under § 1983 and Plaintiff's claim against him must be dismissed.

### III. Conclusion

1.  Plaintiff's case is DISMISSED WITH PREJUDICE for FAILURE TO STATE A CLAIM and all pending motions are DENIED AS MOOT.

2.  The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order, and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

3.  This dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).[2]

IT IS SO ORDERED this 20th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.